**Ligonier Valley School District v.
Fort Ligonier Memorial Foundation**

*Robert M. Carson,* for petitioner.

*H. Reginald Belden, Jr.,* for respondent.

MIHALICH, J., March 16, 1973.—On March 24, 1972, petitioner filed its petition for declaratory judgment asking the court to hear testimony in support of its petition and to find that the respondent is responsible for the collection and paying over to the school district a 10 percent "amusement" tax on admissions to its grounds.

Under the authority of the Local Tax Enabling Act of December 31, 1965, P. L. 1257, 53 PS §6908(6),

petitioner on May 24, 1966, passed the following resolution:

"Section I. A tax on admissions to places of amusement, athletic events and the like, situated, conducted, operated or provided within the geographical limits of Ligonier Valley School District, Westmoreland County, Pennsylvania . . . at the rate of ten per centum (10%) of the established price charged for admission."

There is no question that respondent's institution is located within the geographical limits of the Ligonier Valley School District. Also, petitioner does not contend that respondent conducts any athletic event. Therefore, the sole question to be determined by the court is whether respondent's institution constitutes an "amusement."

The Local Tax Enabling Act of 1965 was designed to give political subdivisions the right to tax on a local basis in order to support the local government functions. In a case such as the one before the court, the Ligonier Valley School District is given the right to tax on a local basis to support and maintain their function. Such a method of taxation is not only proper, but in most cases, is extremely fair. It only makes sense that the members or residents of a local political subdivision should be the ones to support the functions of the local government. The court is well aware that in this case, petitioner is attempting to provide additional funds for the maintenance of its school system. It is fundamental that the more revenues a school district can collect, the more resources it has available for expenditures. However, the court is required to make its declaratory judgment without bias, prejudice or personal feelings.

It is a fundamental concept of law that all provisions imposing taxes are to be strictly construed:

Act of May 28, 1937, P. L. 1019, 46 PS 558(3). Thus, all doubts should be resolved in favor of the taxpayer. The problem here is that the resolution does not define the word "amusement."

Petitioner claims that anything which tends to make one forget the problems of everyday life can be considered an amusement. This is possibly true but the court does not feel the definition of amusement, as used in the Local Tax Enabling Act, and the definition as a pleasure are identical. Under the circumstances, the court does not believe amusement should be defined as a pleasure or anything enjoyable, without restriction.

On the other hand, respondent has taken the position that its institution is designed for educational and historical purposes and as such are not subject to the amusement tax. With this the court must agree.

The court was impressed with the testimony of the manager of Fort Ligonier Memorial Foundation and especially his qualifications, credentials and charitable dedication. The court was similarly impressed with the other members of the foundation and the employes. It also appeared evident that the purpose of the foundation is to increase the interest in early American history and preserve a portion of that history.

The court has visited the museum and the fort and feels obligated to concur with respondent's contentions. The entire theme and display at the museum and fort are geared solely for historical and educational purposes. Although this purpose could be construed to come under an unrestricted definition of "amusement," the court does not believe the term "amusement" as used in the Local Tax Enabling Act should be given such a broad meaning.

The court will, therefore, enter the following

## DECLARATORY JUDGMENT

And now, March 16, 1973, upon consideration of the petition of Ligonier Valley School District and upon consideration of the additional testimony taken in this case, the court does hereby declare that the purpose and activities of the Fort Ligonier Memorial Foundation do not constitute an amusement as that term is used in the Resolution of Ligonier Valley School District, passed May 24, 1966, and, therefore, the admission price of the Fort Ligonier Memorial Foundation is not subject to such amusement tax.